David S. Kahn
Nevada Bar No. 007038
J. Scott Burris
Nevada Bar No. 010529
Juan P. Rodriguez
Nevada Bar No. 010733
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
300 South Fourth Street, 11th Floor
Las Vegas, NV  89101
(702) 727-1400; FAX (702) 727-1401
E-mail:David.Kahn@wilsonelser.com
        J.Scott.Burris@wilsonelser.com
        Juan.Rodriguez@wilsonelser.com

Stephen M. Gaffigan (*Pro Hac Vice*)
STEPHEN M. GAFFIGAN, P.A.
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-mail:stephen@smgpa.net

*Attorneys for Plaintiff Tiffany (NJ), LLC*

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| TIFFANY (NJ), LLC, <br><br> Plaintiff, <br><br> v. <br><br> 925LY.COM, et al., <br><br> Defendants. | Case 2:11-cv-00590-LDG-GWF <br><br> **STIPULATED CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff, Tiffany (NJ), LLC ("Tiffany") and Defendant 89 – new925silverjewelry.com (the "Defendant") stipulate and consent to the following:

//

//

//

1

**WHEREAS**, the Defendant adopted and began using trademarks in the United States which allegedly infringed Tiffany's various registered trademarks: TIFFANY, TIFFANY & CO., ATLAS, T & CO., PERETTI, ELSA PERETTI, ✗ , ◯ , ✳ , and ▦ (the "Tiffany Marks") as identified in Paragraph 13 of Tiffany's Complaint;

**WHEREAS**, the Defendant's use of names and marks which allegedly incorporate one or more of the Tiffany Marks is likely to cause confusion as to source or origin;

**WHEREAS**, without the admission of any liability, the parties desire to settle and have amicably resolved their dispute to each of their satisfaction; and

**WHEREAS**, based upon Tiffany's good faith prior use of the Tiffany Marks, Tiffany has superior and exclusive rights in and to the Tiffany Marks in the United States and any confusingly similar names or marks.

IT IS STIPULATED, ORDERED, ADJUDGED AND DECREED that:

1. The Defendant and its respective officers, agents, owners, servants, employees and attorneys, and all persons in active concert and participation with them are hereby restrained and enjoined, pending termination of this action from:

   A. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods; bearing the Tiffany Marks;

   B. using the Tiffany Marks in connection with the sale of any unauthorized goods;

   C. using any logo, and/or layout which may be calculated to falsely advertise the services or products of the Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff;

   D. falsely representing the Defendant as being connected with the Plaintiff, through sponsorship or association,

   E. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services o

      Defendant, are in any way endorsed by, approved by, and/or associated with the Plaintiff;

  F. using any reproduction, counterfeit, copy, or colorable imitation of the Tiffany Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendant, including, without limitation, bracelets, necklaces, pendants, earrings and rings, cufflinks, money clips, key rings, watches, and gift boxes;

  G. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent the Defendant's goods as being those of the Plaintiff, or in any way endorsed by the Plaintiff;

  H. offering such goods in commerce; and from otherwise unfairly competing with the Plaintiff.

  I. secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Tiffany Marks; and

  J. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

2. Any party shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

3. The causes of action between Tiffany and the Defendant are hereby dismissed without prejudice, subject to the terms of the Settlement Agreement between the parties.

4. The parties' shall each bear their respective attorney's fees and costs incurred in connection with this action.

5. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment and the Settlement Agreement between the parties.

6. All counterfeit Tiffany branded products currently in the possession, custody and/or control of the Defendant shall be surrendered to Tiffany, through its counsel, and shall be destroyed under the direction of Tiffany.

7. All ownership, right, title and interest in the Subject Domain Name - new925silverjewelry.com - and the content of the associated website is hereby ordered to be immediately and permanently transferred to the Plaintiff by the Defendant and the applicable Registry and/or Registrar of record.

SO ORDERED this _21_ day of ___June___, 2011.

_____
UNITED STATES DISTRICT JUDGE

Copies furnished to:

All parties of record